**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No.: 5:26-cr-00036-TPB-PRL**

**MONTREZ BALLARD,**

**Defendant,**
______________________________________/

**ORDER**

This matter is before the Court on Defendant Montrez Ballard's motion for an order directing the United States to remove a prior-case press release and seeking its deindexing. (Doc. 22). Specifically, Mr. Ballard asks the Court to direct the United States to (1) remove from the website of the United States Department of Justice the press release issued by the United States Attorney's Office for the Northern District of Georgia announcing Mr. Ballard's conviction in *United States v. Ballard*, 1:24-cr-31-JPB-CCB (N.D. Ga.), as well as from the social media accounts of the US DOJ and USAO-GAND; and (2) submit removal-and-deindexing requests to Google LLC and other major internet search engines with respect to that press release and any cached or archived copies thereof.

**I. Background**

Mr. Ballard is serving a 120-month term of imprisonment imposed in 2025 by the United States District Court for the Northern District of Georgia in *United States v. Ballard*,1:24-cr-31-JPB-CCB (N.D. Ga.), for unlawful possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). On February 18, 2025, the United States Attorney's Office for the Northern District of Georgia issued and published on the official

website of the United States Department of Justice (justice.gov) and on its social media accounts, a press release concerning Mr. Ballard's sentence in that prior case. The press release remains published on justice.gov (and, according to Mr. Ballard, on multiple social media platforms).

Now, Mr. Ballard, who is serving his sentence at the Federal Correctional Complex in Coleman, Florida has been charged with possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and with possession of a prohibited object by an inmate in violation of 18 U.S.C. §1791(a)(2). Mr. Ballard contends that the press release related to his prior conviction—which was issued eighteen months ago but is still available online—and associated press coverage contain prejudicial information that can be readily accessed by potential jurors. Mr. Ballard claims that this prejudicial information jeopardizes his Sixth Amendment right to a fair trial in the instant case and violates the Middle District of Florida Local Rule 3.11.

## II. Discussion

The Sixth Amendment guarantees a criminal defendant the right to trial by an impartial jury. That guarantee places on the federal court an affirmative duty to take "strong measures" to ensure that the defendant's right is not impaired by extrinsic prejudicial information. *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966). While Mr. Ballard correctly cites these legal principles, his attempt to apply them to this case is unavailing.

Indeed, defense counsel cites three cases for the proposition that "Federal district courts have entertained motions for orders directing the United States Department of Justice to remove or modify prejudicial press releases concerning pending federal prosecutions." (Doc. 22 at 8). However, in each of those cases, the Court considered whether extrajudicial

statements made by participants in a pending case prejudiced the defendant's right to a fair trial in that same case. *See United States v. Watson*, No. 23-CR-82(EK), 2023 WL 7300618 (E.D.N.Y. Nov. 6, 2023) (reserving ruling on defendant's request to remove or modify pre-trial press release, which remained available on USAO website, regarding the indictment and noting that pursuant to local rules, "statements concerning the 'nature, substance or text of the charge' are presumptively proper" while "statements concerning the character or reputation of the accused" are presumed substantially likely to interfere with defendants' fair-trial right); *United States v. Silver*, 103 F.Supp. 3d 370 (S.D.N.Y. 2015) (denying defense motion to dismiss the indictment based on pre-indictment press, but cautioning the parties, "[T]his case is to be tried in the courtroom and not in the press."); and *United States v. Braidlow*, No. 4:09cr104 ERW (AGF), 2009 WL 690237 (E.D. Mo. Mar. 11, 2009) (granting an agreed upon motion to control pre-trial prejudicial publicity and directing the United States Attorney to instruct agents to refrain from any further pretrial media disclosures related to prosecution).

Here, there is no contention that the government has made public statements about Mr. Ballard's current prosecution in the Middle District of Florida for possession of drugs and contraband as an inmate or that there has been pretrial press coverage. Rather, Mr. Ballard is arguing that jurors could potentially be exposed to statements made by the government, more than eighteen months ago, in conjunction with Mr. Ballard's prior conviction in a separate, completed, and unrelated case in the Northern District of Georgia. Mr. Ballard has not cited any case suggesting that a press release about a prior case could implicate a defendant's right to a fair trial in a subsequent, unrelated prosecution.

And even so, the government's press release (and related social media posts) in Mr. Ballard's prior case in the Northern District of Georgia do not present a "substantial

likelihood of material prejudice" in this current prosecution. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075-76 (1991). As an initial matter, there is not a substantial likelihood of material prejudice with a jury knowing that Mr. Ballard committed a prior felony offense, because the United States is required to prove beyond a reasonable doubt that Mr. Ballard was a federal inmate at the time stated in the indictment. *See* Eleventh Circuit Pattern Jury Instructions, 068.2 (July 2026). Likewise, there is not a substantial likelihood of material prejudice with the public knowing about Mr. Ballard's prior crime because the Court's voir dire will exclude any jurors who cannot be fair and impartial. And once selected, the jurors are presumed to follow the court's instructions, which include specific prohibitions on communicating with anyone about the case by any means; reading, watching, or listening to any accounts or discussions related to the case; and searching the internet for any information about the case, the law that applies to the case, or the people involved in the case. Eleventh Circuit Pattern Jury Instructions, P1. Moreover, the nature of the prior case—possession of a machine gun—is different from the instant charges for possession of contraband and controlled substances—and thus, there is no concern of a jury making an improper inference based on Mr. Ballard's prior crime.

Mr. Ballard also makes an unpersuasive argument that the press release in his prior case violates Middle District of Florida Local Rule 3.11, which governs extrajudicial and public disclosures by lawyers and law enforcement agents, in a pending criminal action. The Rule provides in relevant part:

> (a) GENERAL RULE. Before judgment in, or dismissal of, a criminal action, a lawyer or law enforcement agent directly or through a surrogate must not extrajudicially and publicly disclose information about the action if the disclosure will interfere with a fair trial or otherwise prejudice the administration of justice.
>
> (b) EXAMPLES.

(1) A lawyer or law enforcement agent directly or through a surrogate must not extrajudicially and publicly disclose:

(A) The defendant's criminal record or information about the defendant's character or reputation except, if the defendant remains at large, information necessary to aid in apprehension or to warn the public;

. . .

(F) An opinion about the guilt of the defendant or the merit of the action.

While this Local Rule could come into play if the United States Attorney or law enforcement agents for the Middle District of Florida issued a press release about Mr. Ballard's current prosecution, it is inapplicable to the press release issued over eighteen months ago by the Northern District of Georgia after Mr. Ballard's conviction and sentencing in a wholly unrelated case.

Accordingly, Mr. Ballard's motion for an Order directing the United States to remove prior case press release and seek its deindexing (Doc. 22) is **denied.** Accepting Mr. Ballard's argument would mean that a defendant is entitled to have negative information about himself (unrelated to his pending prosecution) removed from the internet. This is not required by the Sixth Amendment.

**DONE and ORDERED** in Ocala, Florida, on September 1, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties